UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL CASE NO. 5:23-cr-00020-KDB-SCR

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| JESSE CALVIN WILLIAMSON, JR., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 40].

## I. PROCEDURAL BACKGROUND

On April 19, 2023, Defendant Jesse Calvin Williamson, Jr., ("Defendant") was charged in a Bill of Indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 1: Bill of Indictment]. Defendant agreed to plead guilty to this charge pursuant to a plea agreement. [Doc. 25: Plea Agreement]. In relevant part, the plea agreement provided as follows:

> The defendant, in exchange for the concessions made by the United States in this Plea Agreement, waives all rights to contest the conviction and sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from the waiver. This waiver precludes the defendant from challenging his conviction or sentence on the basis of any other claim, including but not limited to any claim that the statute(s) to which the defendant is pleading guilty is or are unconstitutional[.]

[Id. at ¶ 16].

On March 11, 2024, the Magistrate Judge conducted Defendant's Rule 11 hearing. [Doc. 27: Acceptance and Entry of Guilty Plea]. After conducting the plea colloquy, the Magistrate Judge accepted Defendant's guilty plea. [Id.]. On July 16, 2024, Defendant was sentenced to a term of imprisonment of 48 months. [Doc. 37: Judgment]. Judgment on Defendant's conviction was entered the next day. [Id.]. Defendant did not file a direct appeal.

On May 19, 2025, Defendant filed the pending motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 40]. As grounds, Defendant challenges the constitutionality of § 922(g)(1) and claims that he received ineffective assistance of counsel because his attorney did not "request the BRUEN framework be applied to his case."[1] [Id. at 4-5]. For relief, Defendant asks the Court to vacate his conviction and "[e]stablish BRUEN framework." [Id. at 12].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's Motion to Vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Constitutionality of § 922(g)(1)

---

[1] In New York State Rifle & Pistol Assn., Inc. v. Bruen, 597 U.S. 1 (2022), the Supreme Court endorsed a new test for analyzing Second Amendment challenges now termed the "Bruen test."

Defendant claims he is entitled to relief because § 922(g)(1) is unconstitutional.[2] [Doc. 40 at 5]. Defendant waived this claim in his plea agreement, which he entered and was accepted post-Bruen, and he does not argue or show that this waiver is invalid or that his claim is outside the scope of that waiver. United States v. Blick, 408 F.3d 162 (4th Cir. 2005). A guilty plea itself does not "bar[ ] a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." Class v. United States, 583 U.S. 174, 178 (2018) (apparently relying on absence of language in plea agreement "about the right to challenge on direct appeal the constitutionality of the statute of conviction"). Cf. Menna v. New York, 423 U.S. 61, 62 (1975) ("Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty.") (citing Blackledge v. Perry, 417 U.S. 21 (1974)). Defendant here, however, expressly waived the right to such challenge. The Court, therefore, will dismiss this claim. Even if such waiver were not enforceable, he has procedurally defaulted this argument by failing to raise it previously and cannot show prejudice. See Bousley, 523 U.S. at 621-22.

Finally, even if this claim were not waived or procedurally defaulted, the Fourth Circuit has upheld the constitutionality of § 922(g)(1) since Bruen. That is, the Fourth Circuit has held that § 922(g)(1) remains facially constitutional, United States v. Canada, 123 F.4th 159 (4th Cir.

---

[2] Defendant also appears to have adopted a generic brief intended for use by a defendant lodging an as-applied challenge to § 922(g)(1) on direct appeal to the Fifth Circuit Court of Appeals. [See Doc. 40-1]. A § 2255 motion is not a substitute for a direct appeal. See Bousley v. United States, 523 U.S. 614, 621-22; Sunal v. Large, 332 U.S. 174, 178-79, 67 S. Ct. 1588 (1947). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense. Bousley, 523 U.S. at 621-22; United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). To the extent Defendant seeks to assert grounds for relief set forth in this brief not otherwise enumerated in his motion, Defendant has not made such a showing. These claims, therefore, are procedurally barred and will be dismissed.

3

2024), and as applied to all felons, United States v. Hunt, 123 F.4th 697, 700 (4th Cir. 2024).³ Absent Supreme Court precedent to the contrary, this Court is bound by Fourth Circuit precedent. As such, Defendant's claim that § 922(g)(1) is unconstitutional also fails on the merits.

**B.     Ineffective Assistance**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Defendant contends that his attorney was ineffective for failing to ask that the "BRUEN framework" be applied to Defendant's case. [Doc. 40 at 4]. Here, regardless of any deficiency in not challenging Defendant's charge under Bruen, Defendant cannot demonstrate a reasonable probability of a different outcome because any challenge to the constitutionality of § 922(g) would

---

³ Even more recently, the Fourth Circuit found that § 922(g)(9), which prohibits those having been convicted of a misdemeanor crime of domestic violence from possessing a firearm, facially constitutional. United States v. Nutter, --- F.4th ---, 2025 WL 1386212, at *6 (4th Cir. 2025).

4

have failed on the merits. See Strickland, 466 U.S. at 694. The Court, therefore, will also deny this claim for relief.

In sum, Defendant has failed to show he is entitled to relief under § 2255 and his motion to vacate will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate is denied and dismissed.

The Court further finds that Defendant has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Defendant has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 40] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.
Signed: May 26, 2025

Kenneth D. Bell
United States District Judge